Forchelli, Curto, Deegan,
Schwartz, Mineo & Terrana, LLP
The Omni
333 Earle Ovington Blvd., Suite 1010
Uniondale, New York 11553
Tel. No. (516) 248-1700
Fax No. (516) 248-1729
By: Brian J. Hufnagel
bhufnagel@forchellilaw.com

*Attorneys for the Plaintiffs*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X

In re:                                              Case No. 8-12-74600-reg
                                                    Chapter 7

AHRON BERLIN,

                Debtor.

----------------------------------------------------------X

ELLIOT ZARETSKY, HAROLD ZARETSKY,
SHIRLEY ZARETSKY, AND MAXI-AIDS, INC.,

                Plaintiffs,      Adv. Pro. No. 8-12-08371-reg

      -against-

AHRON BERLIN,

                Defendant.

----------------------------------------------------------X

### OBJECTION OF THE PLAINTIFFS TO
### MOTION OF DEFENDANT TO RECONSIDER,
### <u>ALTER OR AMEND JUDGMENT</u>

TO:    THE HONORABLE ROBERT E. GROSSMAN
        UNITED STATES BANKRUPTCY JUDGE:

Elliot Zaretsky, Harold Zaretsky, Shirley Zaretsky, and Maxi-Aids, Inc. (the "Plaintiffs") hereby file this Objection, by their attorneys, Forchelli, Curto, Deegan, Schwartz, Mineo & Terrana, LLP, to the motion (the "Motion") of defendant Ahron Berlin (the "Debtor" or "Defendant") to Reconsider, Alter or Amend the Judgment filed on June 19, 2014. In support of their Objection, the Plaintiffs respectfully state as follows:

## PRELIMINARY STATEMENT

1. In the Motion, the Defendant continues making outlandish allegations against the Plaintiffs, unsupported by the record of the case, and amplifies for the Court the willful and malicious nature of his conduct. Despite having been told, repeatedly, that his actions are improper and violate State and Federal law, the Defendant will not stop disparaging plaintiffs. The sole question at trial was "whether the defamatory statements were made by the Debtor with the requisite intent to render them nondischargeable under Section 523(a)(6)." (*See* Exhibit "1", Decision at 7). The Court correctly found intent and nothing in the Motion provides a reason to reconsider that holding.

## BACKGROUND FACTS

2. The relevant factual background is contained in the Court's Decision after Trial (the "Decision") dated June 19, 2014. A copy of the Decision is annexed hereto as Exhibit "1".

**General Background**

3. On May 15, 2012, the Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code. On June 19, 2012, the case was voluntarily converted to chapter 7 by the Debtor and Paul I. Krohn was appointed as the chapter 7 trustee.

4. On July 25, 2012, the case was reassigned from Judge Feller to Judge Grossman, as a related case to case numbers 11-74257 and 11-70002, and Robert L. Pryor (the "Trustee") was appointed as the chapter 7 trustee. The Trustee filed his no asset report on February 12, 2013.

5. On September 24, 2012, the Plaintiffs commenced this adversary proceeding seeking to except from discharge, pursuant to 11 U.S.C. § 523(a)(6), a judgment (the "State Court Judgment") obtained in New York Supreme Court against the Defendant in the aggregate amount of $1,290,000.00 plus interest and fees. A copy of the State Court Judgment is annexed as Exhibit "2". The State Court Judgment was based on a finding that the Defendant sent false and defamatory statements via email to third parties regarding Plaintiffs.

6. The adversary proceeding went to trial on November 5, 2013. The Plaintiffs presented evidence to show that the state court record already establishes that the defamation found under state law fits under 11 U.S.C. §523(a)(6), i.e. that Debtor/Defendant willfully and maliciously caused injury.

The Plaintiffs also presented evidence to show, independently, that the Defendants actions constituted willful and malicious injury pursuant to the Bankruptcy Code and thus the Plaintiffs claims were nondischargable. All told, Plaintiffs called two witnesses and submitted twenty-five (25) exhibits. The Defendant failed to call any witnesses, including failing to call himself, submitted eight exhibits, and failed to establish that his conduct was not conducted willful and malicious.

7. On June 19, 2014, the Court issued a Decision after Trial (the "Decision") and found in favor of Plaintiffs. (*See* Exhibit "1"). The Court held that the debts owed by the Defendant to Plaintiffs are nondischargeable pursuant to 11 U.S.C. § 523(a)(6). Judgment was entered in favor of plaintiffs on June 19, 2014 (the "Judgment"). A copy of the Judgment is annexed as Exhibit "3".

8. On July 3, 2014, the Defendant filed his Motion for Reconsideration of the Judgment. The Motion contains one outrageous accusation after another allegedly based on snippets of news articles[1] or decisions in prior unrelated litigation (that did not involve Defendant). The Motion includes statements that Plaintiff Elliot Zaretsky is "a nationally known con artist and ill-reputed fraudster of the handicapped" and "the main principal of Creditor Maxi-Aids, Inc., as well as other principals of same, [are] the Bernie Madoff of the blind

---

[1] Newspaper articles are hearsay under Fed. R. Evid. 801(c) and cannot be offered to prove the truth of the statements contained therein. *See United States ex rel. Woods v. Empire Blue Cross and Blue Shield*, No. 99 Civ. 4968(DC), 2002 WL 1905899, * 1, n. 1 (S.D.N.Y. Aug.19, 2002)

community." (Motion at 2). These defamatory accusations are old news and have already been rejected by the Court. The Motion is a frivolous rant against the Plaintiffs and fails to state any legal basis for a change in this Court's final Judgment.

9.  To earn his discharge the Defendant was required to explain his conduct and rebut plaintiff's showing that his conduct was willful and malicious. The Defendant failed to make that showing at trial and continues his malicious conduct in this Motion. In the Decision, the Court gave *res judicata* effect to the State Court judgment finding that liability and damages were resolved. The correctness of the finding in the Decision that conduct of the Defendant was "willful and malicious" is only amplified by the Motion.

**Subsequent Litigation filed by the Debtor**

10.  Despite the State Court Judgment against him, and the Judgment of this Court that the debt is nondischargeable, the Defendant's conduct toward Plaintiffs has not abated. On May 14, 2014, Defendant filed an action against Plaintiffs, among other defendants including Plaintiffs' prior counsel in this adversary proceeding. A copy of the amended complaint in that action (the "District Court Complaint") filed on October 2, 2014, is annexed as Exhibit "4".

11.  In the District Court Complaint, the Defendant continues to make false and defamatory statements against the Plaintiffs, too numerous to

restate, but including "threats of bombing the home of Plaintiff Aaron Berlin," (¶34) "purchasing stolen goods from members of the underworld," (¶35) and "selling merchandise stolen from interstate trailers," (¶75) just to name a few.

12. Instead of attempting to justify his actions as something other than willful and malicious, the Defendant continues to spout outrageous, false, and defamatory statements about Plaintiffs. The motion for reconsideration does not contain any arguments that could not have been raised before at trial. To the extent it even makes sense, it asserts arguments already considered and rejected by this Court when denying Plaintiffs and Defendants' motion for summary judgment and at trial. Therefore, the motion has no basis.

## **OBJECTIONS**

13. The Defendant requests reconsideration of the Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3. (E.D.N.Y. Local Civil Rule 6.3 does not apply in this bankruptcy proceeding.) Where a post-judgment motion is timely filed, and calls into question the correctness of a judgment, it should be treated as a motion under Rule 59(e) however it may be formally styled. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 41 (2d Cir. 1982).

14. Rule 59(e) does not provide specific grounds for amending or reconsidering a judgment. The standard for a motion to amend a judgment

pursuant to Rule 59(e) was recently set forth by Chief Judge Craig in *In re Flatbush Square, Inc.*, 508 B.R. 563, 569 (Bankr. E.D.N.Y. 2014) as follows:

> Rule 59, made applicable to this adversary proceeding pursuant to Bankruptcy Rule 9023, permits a party to make a motion "to alter or amend a judgment." Fed.R.Civ.P. 59(e). Rule 59(e) does not provide specific grounds for amending or reconsidering a judgment. *See* Fed.R.Civ.P. 59(e). The Second Circuit has held that "[t]he major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992) (internal quotations and citation omitted); *Doe v. New York City Dep't of Social Servs.,* 709 F.2d 782, 789 (2d Cir.1983). Under the "clear error" standard, relief is "appropriate only when a court overlooks 'controlling decisions or factual matters that were put before it on the underlying motion' and which, if examined, might reasonably have led to a different result." *Corines v. Am. Physicians Ins. Trust,* 769 F.Supp.2d 584, 593–594 (S.D.N.Y.2011) (quoting *Eisemann v. Greene,* 204 F.3d 393, 395 n. 2 (2d Cir.2000)). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). It is well settled that "[a] motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an occasion for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F.Supp.2d 17, 19 (S.D.N.Y.2005).

*See also Garcia v. Garcia (In re Garcia)*, 507 B.R. 434 (Bankr. E.D.N.Y. 2014); *In re Ricmond*, 2014 WL 4823640 (Bankr. E.D.N.Y. Sept. 29, 2014) (motion for reconsideration is an extraordinary remedy to be used sparingly).

15. The Defendant's Motion does not attempt to address, much less actually meet, any of the possible grounds for reconsideration. Instead, it is simply a continued rant against Plaintiffs and is full of the same false and malicious

comments that led to the State Court Judgment and which were rejected by this Court at trial.

16.  As this Court held, "the Debtor gave no explanation for his conduct, nor did he present any evidence to rebut the Plaintiff's showing that his actions were anything other than 'willful and malicious.'" (Exhibit "1" at 9). Nothing contained in the Motion addresses this finding.

17.  Regarding the relevant legal standard for a motion for reconsideration, first, the Defendant does not point to any intervening change in the controlling law or contend that there has been a change in the law. The Defendant does not argue that there was a change in law or any law that may have been overlooked.

18.  Second, a motion for reconsideration is not the appropriate vehicle to introduce new alleged factual evidence to the Court, which was available at the time of trial. All of the arguments contained in the Motion are based on court decisions and news articles from years prior to the bankruptcy filing. *See In re Nicholas*, 2010WL 1416732 (Bankr. E.D.N.Y. 2010) (denying motion for reconsideration that "does not allege the existence of new evidence that has recently come to light, but instead seeks to relitigate issues already decided"). To the extent that the news articles or opinions in unrelated prior litigation are relevant

to the issues at hand, which they are not, these arguments are not the type of "new evidence" that is appropriate for a motion for reconsideration.

19. Defendant only submits one exhibit with his motion – a decision dated April 4, 2005 from the United States Court of Appeal for the Second Circuit in the case *Independent Living Aids, Inc. v. Maxi Aids, et al.* However, that decision simply upheld an injunction that prevented Maxi-Aids from using the term "independent living aids" entirely in their advertisements and product description because unsophisticated search engines would lead to consumers, who seek to buy from the company Independent Living Aids, being directed to Maxi-Aids' website, as they both sell similar or identical products. (Motion Exhibit "A" at 3-4). The Court also found that Maxi-Aids infringed on ILA's trademark which is why the injunction was permissible.

20. Based on that decision, the Defendant again impermissibly attacks the State Court judgment on the merits. This Court in the Decision noted that the Defendant:

> also accused Maxi-Aids of 're-rout[ing]…critical medical supplies from poor countries.' Plaintiffs' Ex. 14. Elliot testified that each and every one of these and other defamatory statements were entirely false. (Trial Tr. P. 50, 54). Therefore the Court finds that the Debtor acted with 'malice' within the meaning of Section 523(a)(6).

(Exhibit "1" at 9).

21. In addition to the Defendant not being able to attack the state court judgment which necessarily found that this statement was false due to principles of res judicata, there is nothing in the attached decision that demonstrates that the statement about "re-routing critical medical supplies from poor countries" is true. There is nothing that shows that it was not made with 'malice' within the meaning of Section 523(a)(6). There is nothing to show that it was not part of a series of numerous "outrageous" e-mails as this Court found. (Exhibit "1" at 9). The Second Circuit decision simply was about copyright infringement which was not one of the defamatory statements made in the e-mails by Defendant. This Court listed fifteen "outrageous" statements out of the dozens of defamatory statements made by Berlin in its decision, none of which had anything to do with copyright infringement. (Exhibit "1" at 3-10).

22. The decision is therefore irrelevant. It does not depict Plaintiffs as being the "Bernie Madoff of the blind community" as Defendant claims without support. (Motion at 2). Moreover, to the extent Defendant thought it was relevant, he could have submitted it as part of his Pre-Trial Brief which he submitted to the Court on October 30, 2013, or raised it at trial. He did neither. (*See* ECF No. 26).

23. Third, the Defendant has not shown any "clear error" in the Decision, or any need to prevent "manifest injustice." *See e.g. Wik v. Kunego*, 2014 WL 1746477 (W.D.N.Y. April 30, 2014) (motion for reconsideration was

frivolous and filed with the intent to harass and needlessly increase the costs of litigation). Instead, the Defendant continues to spout defamatory statements regarding Plaintiffs and has filed a Federal lawsuit against Plaintiffs that is full of the same false accusations.

24. This Court cited to a number of Defendant's defamatory comments in its decision. These include: (1) the Zaretskys leave Feige Zaretsky poor and starving along with the three children; (2) that they use the children as weapons against their own mother; (3) that they use corrupt tactics to use the courts as instruments of abuse against Feige Zaretsky; (4) that Harold Zaretsky deprives his wife of food; (5) that the Zaretskys have tried to steal children from their mother; (6) that Harold Zaretsky committed perjury in court; (6) that Harold Zaretsky is mentally incompetent; (7) that Harold Zaretsky and Elliot Zaretsky steal and abuse Harold's wife; (8) that Shirley Zaretsky encouraged Harold Zaretsky to punch his wife in exchange for $5,000 every month; (9) that Maxi-Aids was convicted of stealing from the blind and veterans in Court; (10) that Maxi-Aids as a corporation does not exist and its paperwork is false; and (11) and that Mai-Aids steals, cheats, and lies. (Exhibit "1" at 3-4). How claims of copyright infringement in the Second Circuit Decision relate to Defendant's defamatory statements set forth above, among many others, is not explained by Defendant in his motion.

25. Although the Defendant states the Court made a "clear error of law" and a "clear error of the facts," no incorrect determinations of law or the facts are cited by Defendant. He just does not like the decision. The Defendant cites to no case law indicating that the Court reached the wrong decision legally. The Defendant cites to no facts which demonstrate that the Court's factual findings were incorrectly decided. The Defendant cites to no new evidence which calls into question the decision. The Defendant simply cites to a Second Circuit decision which dealt with an allegation of copyright infringement by a competing business to Maxi-Aids, and some alleged citations to the publication The Braille Monitor (copies of which are not even attached) which are hearsay improperly submitted for the truth of the matter asserted, not factually based, and the opinion of the writer of the articles, but not admissible evidence. Furthermore, the quotes from the Braille Monitor regarding Elliot Zaretsky and Maxi-Aids, Inc. are irrelevant to the issue of Defendants intent; were available before the trial but not submitted by Defendant at trial; and are hearsay, which cannot be considered by this Court.

26. Accordingly the motion for reconsideration should be denied.

WHEREFORE, the Plaintiffs respectfully requests that the Court deny the Motion of the Defendant for reconsideration in its entirety, and grant such other and further relief as is just and proper.

Dated: Uniondale, New York
October 29, 2014

Respectfully submitted,

FORCHELLI, CURTO, DEEGAN,
SCHWARTZ, MINEO, & TERRANA, LLP
Attorneys for Plaintiffs

By: /s/ Brian J. Hufnagel
Brian J. Hufnagel
The Omni
333 Earle Ovington Blvd, Suite 1010
Uniondale, New York 11553
Tel. (516) 248-1700
Fax (516) 248-1729